**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
ALONIA WHITE,                                                                                 Civil Action No.

                                  PLAINTIFF,                      **COMPLAINT**
     v.

                                                                         Plaintiff Demands
IRIS NOVA LTD,                                                                                a Trial by Jury
DIRTY LEMON BEVERAGES, LLC, and,
ZAK NORMANDIN, individually,
                                  DEFENDANTS.
------------------------------------------------------------------------x

Plaintiff ALONIA WHITE ("White" or "Plaintiff"), by her attorneys, LEVINE & BLIT, PLLC, complaining of defendants IRIS NOVA LTD ("Iris" or "defendant"), DIRTY LEMON BEVERAGES, LLC ("Dirty Lemon" or "defendant"), and ZAK NORMANDIN, individually ("Normandin" or "defendant") (all collectively "defendants"), respectfully alleges upon information and belief:

## NATURE OF THE ACTION

1. This action is brought to remedy unpaid minimum wages, regular wages, and overtime wages in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("Labor Law"), as well as violations of the law with respect to frequency of payments and failure to provide wage notices and wage statements, in violation of the Labor Law.

2. Defendants' actions were unlawful and Plaintiff seeks injunctive and declaratory relief, monetary, compensatory and punitive damages, liquidated damages, interest, attorneys' fees, costs, and other appropriate legal and equitable relief pursuant to the FLSA and Labor Law, and such other further relief as this Court deems necessary and proper.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is proper under 28 U.S.C. §1331, because the matter in controversy is a civil action arising under the Constitution, laws or treaties of the United States.

4. Supplemental jurisdiction over Plaintiff's state law claims is proper under 28 U.S.C. §1367.

5. Venue of this action in the Southern District of New York under 28 U.S.C. §1391 is appropriate as Defendants have a principle place of business within the district, and that the Southern District is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

6. Plaintiff is an individual who resides in Bronx County, New York.

7. Upon information and belief, defendant Normandin is a New York resident, and is the founder, owner, Chief Executive Officer and control person of defendants Iris and Dirty Lemon.

8. Defendant Iris is a Delaware business corporation registered to do business in New York State, with a principle place of business in New York County.

9. Defendant Dirty Lemon is a Delaware business corporation registered to do business in New York State, with a principle place of business in New York County.

10. Defendant Normandin owns and controls defendants Iris and Dirty Lemon insofar as Normandin actively managed both companies, and sets the terms and conditions of employment for both companies' employees.

11. At all times relevant to this action, defendants were "employers" of Plaintiff within the meaning of the Labor Law§§ 190(3) and 651(6) and FLSA § 203(d).

12. At all times relevant to this action, defendants jointly employed plaintiff insofar as Iris and Dirty Lemon have common ownership, common control, common management, and common

employees, and insofar as plaintiff performed work for both Iris and Dirty Lemon, was jointly supervised by all defendants, and had the terms and conditions of her employment jointly set by all defendants.

13. Upon information and belief, at all times relevant to this action, defendants have, individually and jointly, been enterprises engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C § 207(a) insofar that they: (1) have had employees engaged in commerce or in the production of goods for commerce, and handles, sells or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (2) have had annual gross volume of sales not less than $500,000.

14. At all times relevant to this action, plaintiff performed work for defendants which was interstate in nature, insofar as plaintiff regularly dealt with customers, vendors, suppliers and accounts who were located outside of New York State, via interstate communications networks and equipment.

15. At all times relevant to this action, plaintiff was an "employee" of defendants within the meaning of the Labor Law and FLSA, and entitled to protection. At all times relevant to this action, Plaintiff performed services as employee for defendants in Bronx and Manhattan, New York.

16. At all times relevant to this action, Plaintiff had the skills, experience and qualifications necessary to work in her employment position for the defendants.

## FACTUAL ALLEGATIONS

17. Plaintiff began her employment tenure with Defendants in or about September, 2020, as a customer experience associate, and remained in that job title at all times relevant to this action.

18. Plaintiff's duties as a customer experience associate were to provide customer service to defendants' customers by answering phones and emails, and tracking customer feedback, among

other things.

19.     Plaintiff was initially hired on a part-time schedule of approximately 20-25 hours per week. Plaintiff maintained a part-time schedule up to approximately April, 2021, then became full-time.

20.     Plaintiff was initially hired at a rate of pay of $16/hour, which increased to $30/hour as per defendants' management in the beginning of October, 2021, then $20/hour at the beginning of November, 2021.

21.     At all times relevant to this complaint, plaintiff's regular payday, as designated in advance by defendants, was to be two Fridays after each Monday through Friday workweek ended.  For example, as per defendants, for the workweek Monday 9/7/2020 through Friday 9/11/2020, plaintiff was to be paid on Friday 9/25/2020.

22.     From the beginning of her employment to present, defendants did not pay plaintiff on her regularly designated payday and, during the weeks for which plaintiff was paid by defendants, her wages were received well after her regular payday.

23.     Therefore, from the beginning of plaintiff's employment to present, defendants were in violation of Labor Law § 191 insofar as defendants failed to pay plaintiff on her regularly scheduled payday.

24.     Accordingly, for each such workweek in which plaintiff was not paid on her regularly designated payday, plaintiff is owed liquidated damages by defendants, due to defendants' intentional violation of Labor Law § 191.

25.     In or around the beginning of April, 2021, plaintiff began full-time work for defendants.

26.     In or around that time through present, though defendants required plaintiff to work significantly more hours, defendants failed to pay plaintiff any wages for just about all workweeks for the remainder of her employment, but for a few sporadic workweeks.

27.     For example, for the workweek beginning May 17, 2021, plaintiff worked forty (40) hours for defendants, and was owed $640 by defendants at her regular rate of $16/hour, but was paid $0 by defendants.

28.     As an additional example, for the workweek beginning October 4, 2021, plaintiff worked forty (40) hours for defendants, and was owed $1200 by defendants at her agreed upon increased regular rate of $30/hour, but was paid $0 by defendants.

29.     Accordingly, plaintiff is owed by defendants minimum wages, regular wages, and all other available statutory damages for all workweeks in which she worked but was not paid.

30.     Additionally, during many workweeks plaintiff worked over forty (40) hours in the workweek but was not compensated by defendants any overtime wages for such overtime work.

31.     For example, during the workweek beginning April 5, 2021, plaintiff worked no less than 4.77 overtime hours, above her regular forty hour workweek.  Defendants paid plaintiff no overtime wages for such work.

32.     As another example, during the workweek beginning October 11, 2021, plaintiff worked no less than 5.2 overtime hours, above her regular forty hour workweek.  Defendants paid plaintiff no overtime wages for such work.

33.     Accordingly, plaintiff is owed by defendants overtime wages, and all other available statutory damages, for all workweeks in which she worked overtime but was not paid.

34.     Finally, for many workweeks during her employment tenure defendants failed to provide plaintiff wage statements in compliance with Labor Law 195(3) on her regularly designated payday.

35.     Defendants' blatant disregard of the FLSA and Labor Law, as outlined above, was willful and intentional as, despite plaintiff's vast reserve of patience and dedication to remain working for

defendants, defendants denied plaintiff her rightful wages as required by law.

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Unpaid Minimum Wages Under the FLSA)

36. Plaintiffs hereby repeat, reiterate and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

37. At all times relevant to this action, defendants were employers engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207(a), and plaintiff was engaged in interstate commerce.

38. Throughout her employment tenure with defendants, defendants failed to pay plaintiff minimum wages pursuant to the FLSA for all hours worked.  Defendants' failure to pay minimum wages to plaintiffs was willful and intentional.

39. As a result of defendants' FLSA violations, plaintiff is entitled to recover from defendants her unpaid minimum wages, and an equal amount representing the statutorily prescribed liquidated damages, as well as reasonable attorneys' fees and costs of this action, pursuant to the FLSA.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS

### (Unpaid Minimum Wages Under the Labor Law)

40. Plaintiffs hereby repeat, reiterate and reallege each allegation contained in all prior paragraphs, as if fully set forth herein.

41. Defendants were the employers of plaintiffs within the meaning of the Labor Law.

42. Defendants failed to pay plaintiff the prevailing minimum wages for all hours worked, as described above.

43. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, and defendants have not made a good faith effort to comply with the

Labor Law with respect to the compensation of plaintiffs.

44.  As a proximate result of defendants' unlawful conduct, plaintiff has suffered economic damages in the form of unpaid minimum wages in an amount to be determined at trial and are entitled to recover the value of those unpaid minimum wages plus an equivalent amount of liquidated damages pursuant to the Labor Law, plus interest, as well as reasonable attorneys' fees and costs, pursuant to the Labor Law.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS

### (Unpaid Overtime Wages Under the FLSA)

45.  Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46.  At all times relevant to this action, Defendants were employers engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207(a), and plaintiff was an employee engaged in interstate commerce.

47.  As outlined above, plaintiff worked above forty (40) hours per week for defendants on many workweeks, as a non-exempt employee pursuant to the FLSA.

48.  Defendants failed to pay Plaintiff overtime wages of 1.5 times her regular rate of pay for all hours worked in excess of forty in a workweek during her employment tenure.

49.  Defendants failure to pay overtime premiums was willful and intentional.

50.  As a result of Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants her unpaid overtime wages, and an equal amount representing the statutorily prescribed liquidated damages, as well as reasonable attorneys' fees and costs of this action, pursuant to the FLSA.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS

### (Unpaid Overtime Wages Under the Labor Law)

51.	Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

52.	At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of Labor Law §§ 2 and 651.

53.	As outlined above, plaintiff worked above forty (40) hours per week for defendants on many workweeks, as a non-exempt employee pursuant to the Labor Law.

54.	Defendants failed to pay Plaintiff overtime wages of 1.5 times her regular rate of pay for all hours worked in excess of forty in a workweek during her employment tenure.

55.	Defendants failure to pay overtime premiums was willful and intentional.

56.	As a result of Defendants' Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid overtime wages, and an equal amount representing the statutorily prescribed liquidated damages, as well as reasonable attorneys' fees and costs of this action, and interest, pursuant to Labor Law.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANTS

### (Unpaid Regular Wages Under the Labor Law)

57.	Plaintiffs hereby repeat, reiterate and reallege each allegation contained in all prior paragraphs, as if fully set forth herein.

58.	Defendants were the employers of plaintiffs within the meaning of the Labor Law.

59.	As outlined above, plaintiff's agreed upon regular rate of pay with defendants was $16/hour, then $30/hour in October, 2021, then $20/hour in November, 2021. Defendants failed to pay plaintiff her agreed upon regular rate of pay for all hours worked during most workweeks from April, 2021 through present, as described above.

60.	Defendants were aware or should have been aware that the practices described in this

Complaint were unlawful, and defendants have not made a good faith effort to comply with the Labor Law with respect to the compensation of plaintiffs.

61. As a proximate result of defendants' unlawful conduct, plaintiff has suffered economic damages in the form of unpaid regular wages in an amount to be determined at trial and are entitled to recover the value of those unpaid regular wages plus an equivalent amount of liquidated damages pursuant to the Labor Law, as well as reasonable attorneys' fees and costs, and interest, pursuant to the Labor Law.

### SIXTH CAUSE OF ACTION AGAINST DEFENDANTS

### (Violation of Labor Law 191 – Frequency of Payments)

62. Plaintiffs hereby repeat, reiterate and reallege each allegation contained in all prior paragraphs, as if fully set forth herein.

63. Defendants designated a regular payday for plaintiff.

64. As outlined above, for most workweeks from on or about the beginning of plaintiff's employment to present, defendants failed to pay plaintiff on her regularly designated payday.

65. Defendants actions were willful and intentional, and defendants were aware or should have been aware that the practices described in this Complaint were unlawful, and defendants have not made a good faith effort to comply with the Labor Law with respect to the compensation of plaintiffs.

66. As a proximate result of defendants' unlawful conduct, plaintiff has suffered economic damages in the form of unpaid regular wages in an amount to be determined at trial and are entitled to recover the value of those unpaid regular wages plus an equivalent amount of liquidated damages pursuant to the Labor Law, as well as reasonable attorneys' fees and costs, and interest, pursuant to the Labor Law.

## SEVENTH CAUSE OF ACTION AGAINST DEFENDANT

### (Violations of Labor Law § 195(1))

67. Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

68. Defendants have failed to furnish to Plaintiff the information required by Labor Law § 195(1) at the time of her hiring or any time thereafter.

69. Defendants were aware of should have been aware of its statutory obligation to provide such information to Plaintiff.

70. Due to Defendants' violations of the Wage Theft Prevention Act (Labor Law § 195(1)), Plaintiff is entitled to recover statutory damages from Defendants in the amount of $50.00 per day that the violation occurred, capped at $5,00.00, plus attorney's fees and costs of this action.

## EIGHTH CAUSE OF ACTION AGAINST DEFENDANT

### (Violations of Labor Law § 195(3))

71. Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

72. Defendants have failed to furnish to Plaintiff the information required by Labor Law § 195(3) at each payday.

73. Defendants were aware of should have been aware of its statutory obligation to provide such information to Plaintiff.

74. Due to Defendant's violations of the Wage Theft Prevention Act (Labor Law § 195(3)), Plaintiff is entitled to recover statutory damages from Defendant in the amount of $250.00 per day that the violation occurred, capped at $5,000.00, plus attorney's fees and costs of this action.

## JURY DEMAND

Plaintiff respectfully requests a trial by Jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court enter an award:

(a) Declaring the acts and practices complained of herein are in violation of the FLSA and New York Labor Law;

(b) Directing Defendants to pay Plaintiff her actual damages in an amount to be determined at trial for lost minimum wages, regular wages, and overtime wages, liquidated damages and interest, as provided by the FLSA and New York Labor Law;

(c) Directing Defendants to pay Plaintiff her actual damages in an amount to be determined at trial for failure to abide by Labor Law 191, and liquidated damages as provided by the Labor Law.

(d) Directing Defendants to pay Plaintiff statutory damages capped at $5,000.00 each, for violations of Labor Law § 195(1) and 195(3).

(e) Awarding Plaintiff reasonable attorneys' fees, together with the costs and disbursements of this action, pursuant to the FLSA and Labor Law; and

(f) Such other and further relief as this Court deems just and equitable.

Dated: New York, New York

   September 17, 2022

                              Respectfully Submitted,

                              LEVINE & BLIT, P.L.L.C.

                              _____

                              By: RUSSELL MORIARTY, ESQ.

                              *Attorneys for Plaintiff*
                              Empire State Building
                              350 Fifth Avenue, Suite 4020
                              New York, NY 10118
                              Phone: (212) 967-3000
                              Fax:    (212) 967-3010
                              RMoriarty@LevineBlit.com