UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
ALONIA WHITE,                                                          :
                                                                       :
                                        Plaintiff,                     :
                                                                       :                22 Civ. 8062 (JPC)
                        -v-                                            :
                                                                       :                ORDER
IRIS NOVA LTD. *et al.*,                                               :
                                                                       :
                                        Defendants.                    :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On July 11, 2023, the Court granted Plaintiff Alonia White a default judgment against

Defendants Iris Nova Ltd., Dirty Lemon Beverages, LLC, and Zak Normandin on Causes of

Action One through Six, and dismissed without prejudice Causes of Action Seven and Eight. July

11, 2023 Minute Entry. The Court ordered Plaintiff to submit a revised damages calculation for

the first six Causes of Action. *Id.* Those Causes of Action alleged unpaid minimum wages in

violation of the Fair Labor Standards Act and the New York Labor Law ("NYLL"), unpaid

overtime in violation of those statutes, unpaid regular wages in violation of the NYLL, and failure

to pay wages on a regular payday in violation of the NYLL. Dkt. 1 ¶¶ 36-66. On July 18, 2023,

Plaintiff submitted a revised damages calculation for those claims, asserting $20,860 in unpaid

regular and overtime wages, $20,860 in liquidated damages pursuant to section 198 of the NYLL,

pre-judgment interest of $3,754, attorney's fees in the amount of $18,480, and $581 in costs. Dkt.

44 ¶ 2.

Because a default is not an admission of damages, the Court must scrutinize the evidence

in support of damages before issuing a monetary award. *See, e.g.*, *Finkel v. Romanowicz*, 577 F.3d

79, 82 n.6 (2d Cir. 2009); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155,

158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well

pleaded allegations of liability, it is not considered an admission of damages."). Here, Defendants

have not come forward with any records or other evidence of the hours worked by Plaintiff or the

wages she was paid. However, Plaintiff has submitted a sworn declaration, with an attached table,

laying out her wages and hours to support the damages sought. Dkts. 32, 32-1; *see Zhang v. Hiro

Sushi at Ollies, Inc.*, No. 17 Civ. 7066 (JPC), 2022 WL 2668263, at *5 (S.D.N.Y. July 11, 2022)

(basing damages after a default judgment on the plaintiffs' affidavits); *Flores v. Martinez*, No. 17

Civ. 561 (BMC), 2017 WL 1497954, at *1 (E.D.N.Y. Apr. 26, 2017) (observing that the plaintiff's

"affidavit constitutes adequate proof of his damages"); *Parilla v. Salt & Pepper on 33rd St. Inc.*,

No. 12 Civ. 6382 (AKH), 2013 WL 4536628, at *1 (S.D.N.Y. Apr. 8, 2013) (finding that the

plaintiffs' declarations "describing their hours worked and wages . . . . satisfy [their] burden to

establish damages").

Under section 198(3) of the NYLL, Plaintiff is entitled to recover her regular rate of pay

for unpaid wages. *See* NYLL § 198(3) ("All employees shall have the right to recover full wages,

benefits and wage supplements and liquidated damages accrued during the six years previous to

the commencing of [litigation] . . . ."); *see also Cazares v. 2898 Bagel & Bakery Corp.*, No. 18

Civ. 5953 (AJN) (DF), 2022 WL 1410677, at *9 (S.D.N.Y. Apr. 7, 2022) ("Under the NYLL, a

prevailing plaintiff is entitled to recover the full amount of wages owed, not just the statutory

minimum wage for the hours worked." (internal quotation marks omitted)) (collecting cases),

*report and recommendation adopted in relevant part*, 2022 WL 1406203 (S.D.N.Y. May 4, 2022);

*Lemus v. Pezzementi*, No. 15 Civ. 5592 (NSR), 2020 WL 133591, at *6 (S.D.N.Y. Jan. 10, 2020)

("The NYLL expressly provides that employees are entitled to recover all unpaid wages, not just

the statutory minimum wage for hours worked."). Further, the NYLL requires "employers to pay

employees a rate of one-and-one-half times their regular hourly wages for each hour worked over

forty in a workweek." *Zhang*, 2022 WL 2668263, at *10.

Plaintiff attaches to her declaration a table[1] reflecting that she was not paid her regular wages at all from the week beginning May 17, 2021 to the week beginning November 29, 2021; she was not paid overtime for seven weeks during the period between April 5, 2021 to the week beginning November 15, 2021; from at least the week beginning April 5, 2021 until the week beginning October 4, 2021, her hourly wage was $16; from the week beginning October 4, 2021 until the week beginning November 8, 2021, her hourly wage was $30; and from the week beginning November 15, 2021 until the week beginning November 29, 2021, her hourly wage was $20.  Dkt. 32-1.  Having reviewed Plaintiff's declaration and the accompanying table of unpaid hours and the wages owed for those hours, as well as the more recently filed supplemental declaration from Plaintiff's counsel, Dkts. 44, 44-1, the Court agrees that Plaintiff is entitled to recover $20,860 in unpaid regular wages and overtime.

The NYLL provides for "an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due" unless the employer "proves a good faith basis to believe that its underpayment of wages was in compliance with the law."  NYLL § 198(1-a).  Defendants, who have not appeared in this case, have failed to prove such a good faith basis.  The Court therefore awards an additional $20,860 in liquidated damages under the NYLL.[2]

---

[1] Plaintiff avers that the table reflects her "true and best recollection, based on [her] personal knowledge of the facts," with respect to the hours she worked, her regular hourly pay, her overtime rate of pay, the regular pay she is owed, and the overtime pay she is owed for the period from the week beginning April 5, 2021 through the week beginning November 29, 2021.  Dkt. 32 ¶¶ 5-8.

[2] The Court only addresses Plaintiff's claims for damages under the NYLL.  "The Second Circuit precludes a plaintiff from recovering liquidated damages under both the FLSA and the NYLL."  *Amaya v. Buildsmart LLC*, No. 21 Civ. 6378 (LGS) (SLC), 2023 WL 4108872, at *10 (S.D.N.Y. Jan. 31, 2023) (citing *Chowdhury v. Hamza Express Food Corp.*, 666 F. App'x 59, 60 (2d Cir. 2016)), *report and recommendation adopted*, 2023 WL 4106480 (S.D.N.Y. June 21, 2023).  "A plaintiff should recover under the statute that provides the greatest relief."  *Id.* (internal quotation marks omitted).  "The NYLL allows for prejudgment interest in addition to liquidated

The NYLL also provides for "prejudgment interest as required under the civil practice law and rules." *Id.* New York Civil Practice Law & Rules section 5004 provides for a prejudgment interest rate of nine percent. Interest is calculated "from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b). "[C]ourts in this District have generally calculated prejudgment interest from a singular, midpoint date and by multiplying the principal by the interest rate by the time period – from a singular, midpoint date – up until and including the date judgment is entered." *Soto v. Los Corbaticas Deli Grocery II Corp.*, No. 18 Civ. 3602 (JGK) (JLC), 2018 WL 4844018, at *7 (S.D.N.Y. Oct. 5, 2018) (internal quotation marks and citations omitted), *report and recommendation adopted*, 2018 WL 6173713 (S.D.N.Y. Nov. 23, 2018). Because Defendants' violations began the week of April 5, 2021 and ended the week of November 29, 2021, *see* Dkts. 32-1, 44-1, the midpoint of their violations is roughly August 4, 2021. Approximately twenty-four months have elapsed since that date. Plaintiff is therefore entitled to 18% of the principal in prejudgment interest, or $3,754.80.[3]

Finally, the NYLL allows for a plaintiff to recover attorney's fees and costs. *See* NYLL §§ 198(1) ("In any action instituted upon a wage claim by an employee . . . in which the employee prevails, the court may allow such employee in addition to ordinary costs, a reasonable sum, not exceeding fifty dollars . . . ."), 198(1-a) ("In any action instituted in the courts upon a wage claim

---

damages, but the FLSA does not. The NYLL, therefore, provides greater relief." *Id.* (internal quotation marks and citations omitted).

[3] Under New York law, prejudgment interest is calculated as simple interest and not compound interest. *See Washington v. Kellwood Co.*, No. 05 Civ. 10034 (SN), 2016 WL 845280, at *2 & n.1 (S.D.N.Y. Mar. 4, 2016) (collecting cases).

by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover . . . all reasonable attorney's fees . . . ."). Plaintiff requests $18,480 in attorney's fees, consisting of 46.2 hours billed by her attorney on this case at $400 per hour, as well as costs of $581. Dkt. 44 at 3. Plaintiff submitted time entries and a cost breakdown supporting these figures. Dkt. 44-2. These hours were billed by Russell S. Moriarty, a 2004 graduate of Fordham Law School who has practiced wage and hour litigation since 2009 at Levin & Blit, PLLC and who became a partner there in 2018. Dkt. 31 at 5. The Court found the requested $400 per hour to be reasonable for Mr. Moriarty at the July 11, 2023 default judgment conference. The Court additionally finds the number of hours worked on this case, which, in addition to the normal actions taken in connection with commencing this action and seeking a default judgment, involved efforts that were more extensive than typical to serve the individual Defendant, Normandin, *see* Dkts. 14-19, and additional briefing directed by the Court, *see* Dkts. 35, 37, to be reasonable. *See Maldonado v. La Nueva Rampa, Inc.*, No. 10 Civ. 8195 (LLS) (JLC), 2012 WL 1669341, at \*14 (S.D.N.Y. May 13, 2012) ("Upon the Court's review of similar wage-and-hour cases, the high-end amount of hours spent on [c]ases in a similar procedural posture (*i.e.*, a motion for default judgment immediately following the filing of a complaint) is no more than 55 hours total."). Having reviewed Plaintiff's expenses, consisting of a filing fee, service fees, and overnight mailing fees, the Court also approves them as reasonable in the amount of $581.

The Court therefore awards Plaintiff a judgment in the amount of $64,535.80, consisting of $20,860 in unpaid regular and overtime wages, $20,860 in liquidated damages, $3,754.80 in prejudgment interest, $18,480 in attorney's fees, and $581 in costs.   The Clerk of Court is respectfully directed to enter judgment and to close this case.

       SO ORDERED.

Dated: August 2, 2023
       New York, New York                          JOHN P. CRONAN
                                        United States District Judge